UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GEORGE W. WEATHERSBY,<br><br>Plaintiff,<br><br>v.<br><br>JOHN E. POTTER, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE,<br><br>Defendant. | § § § § § § § § § § § § § CIVIL ACTION NO. 4:06-cv-02868 |

## MEMORANDUM AND ORDER

Before the Court is Defendant's Motion to Dismiss for Failure to Timely Exhaust Administrative Remedies (Doc. No. 20), seeking to dismiss this employment discrimination brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*[1] The exhaustion of administrative remedies is a prerequisite to filing suit under Title VII in federal court. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002). In order to exhaust administrative remedies, a plaintiff must comply with the Equal Employment Opportunity ("EEO") regulations set forth at 29 C.F.R. § 1614.105, which requires, in part, that a federal employee claiming discrimination must contact an EEO counselor within forty-five days of the allegedly discriminatory incident. 29 C.F.R. § 1614.105(a)(1).

Defendant's sole argument in the Motion is that Plaintiff George W. Weathersby failed to initiate contact with an EEO counselor within forty-five days of the allegedly discriminatory act as required under 29 C.F.R. § 1614.105(a)(1). According to Defendant, "[T]he Complaint

---

[1] Although the Court has purposely deferred decision on Defendant's Motion so as to afford Plaintiff time to retain an attorney, no appearance of counsel and no response to the Motion has been received. Nonetheless, the Court cannot grant Defendant the relief sought on the basis of a failure to respond if the relief is not justified on the merits.

alleges that the alleged discriminatory acts took place during the time that Weathersby was on [leave-without-pay] status [due to a job-related injury] (October 23, 1983 to August 1997)." (Mot. Dismiss, Doc. No. 20, at 8.) Because Plaintiff did not initiate contact with an EEO counselor until August 3, 2005, Defendant argues, Plaintiff failed to comply with the forty-five day requirement of § 1614.105(a)(1) and the case must be dismissed. (Mot. Dismiss, Doc. No. 20, at 8.)

On the contrary, Plaintiff's Complaint is based not on acts occurring in 1997, but instead on Defendant's allegedly discriminatory handling of his EEO complaint in 2005. This distinction is clear in the Complaint, which reads, "When and how the defendant has discriminated against the plaintiff: On July 29 2005, the UNITED STATES POSTAL SERVICE denied me a full reimburstment [sic] for 14 plus years of Leave without Pay due to an on-the-job injury." (Complaint, Doc. No. 1, at ¶ 7.) Assuming the undisputed allegations in Plaintiff's Complaint are true, as the Court is required to do for purposes of adjudicating this motion to dismiss, Plaintiff's initial contact with the EEO counselor on August 3, 2005 occurred just five days after the allegedly discriminatory act complained of, which occurred on July 29, 2005. This initial contact was well within the 45-day period specified in 29 C.F.R. § 1614.105(a)(1).

For these reasons, Defendant's Motion to Dismiss (Doc. No. 20) is **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 5ye day of May, 2008.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.